UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LADELL ALEXANDER,            )<br>                                              )<br>            Petitioner,        )<br>v.                                           )<br>                                              )<br>KEITH BUTTS,                       )<br>                                              )<br>            Respondent.        ) | Case No. 1:12-cv-1560-WTL-MJD |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Ladell Alexander ("Alexander") for a writ of habeas corpus must be denied and the action dismissed without prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

Alexander is a state prisoner serving a sentence imposed on September 4, 2007, in No. 52D01-0701-FD-00014. This sentence was to be served consecutive to a different sentence, entered on November 7, 2001, in No. 71D020102CF00077. Alexander claims that the Indiana Department of Correction has improperly computed these sentences and has thereby extended the aggregate period of his confinement.

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the

petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

The respondent has argued without opposition from Alexander that Alexander could file an action for habeas corpus relief under Indiana law or an action for post-conviction relief and that either such path would constitute a meaningful state court remedy.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). As presented at this point, therefore, Lewis' petition for writ of habeas corpus does not permit the court to consider the merits of his claims. The action will therefore be dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Alexander has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**


Date: 05/22/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Ladell Alexander
#964661
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box A
New Castle, IN 46168

Electronically Registered Counsel